Homer J. HOLLAND, Howard R. Ross, and First Banks, Inc., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 95–524C.

United States Court of Federal Claims.

Dec. 2, 2004.

Melvin C. Garbow, Arnold & Porter, Washington, D.C., for plaintiffs. Howard N. Cayne, David Bergman, Michael A. Johnson, Brian C. Duffy, and Joshua P. Wilson, Arnold & Porter, Washington, D.C., of counsel.

John H. Roberson, Trial Attorney, William F. Ryan, Assistant Director, Jeanne E.

Davidson, Deputy Director, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, Stuart E. Schiffer, Deputy Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant. Ashley N. Bailey, Kenneth M. Dintzer, Richard B. Evans, William G. Kanellis, Brian L. Owsley, and James R. Whitman, Trial Attorneys, United States Department of Justice, Washington, D.C., of counsel.

## OPINION AND ORDER

GEORGE W. MILLER, Judge.

The Court issued an Opinion and Order on March 9, 2004, granting in part and denying in part the Government's motion to dismiss the breach of contract claims of plaintiffs Holland and Ross to the extent that those claims sought damages properly recoverable only by the thrift.[1] *Holland v. United States,* 59 Fed.Cl. 735 (2004) *("Holland II ")*. On March 16, 2004, the Government timely filed a motion for reconsideration ("Def.Mot."), contending that the Court made a mistake of fact in connection with its analysis of plaintiffs' claim for increased borrowing costs associated with the San Antonio Federal Savings Bank ("SAFSB") acquisition. Plaintiffs filed a response to defendant's motion for reconsideration on March 29, 2004. ("Pls.Resp."). Having carefully considered the parties' arguments, for the reasons set forth below, defendant's motion for reconsideration is GRANTED. Upon reconsideration, defendant's motion to dismiss the claim of plaintiffs Holland and Ross for increased borrowing costs in connection with the SAFSB acquisition is GRANTED.

## I. Standard For Reconsideration

■ United States Court of Federal Claims Rule ("RCFC") 59 provides that "reconsideration may be granted ... for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RCFC 59(a)(1). The decision to grant a motion for reconsideration is within

the Court's sound discretion. *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990). To prevail upon such a motion in this court, the movant must point to a manifest error of law or mistake of fact. *Coconut Grove Entm't, Inc. v. United States,* 46 Fed.Cl. 249, 255 (2000); *Fru–Con Constr. Corp. v. United States,* 44 Fed.Cl. 298, 300 (1999).

## II. The Court's Decision Regarding Increased Borrowing Costs Allegedly Incurred in Connection With the SAFSB Acquisition Was Premised on a Mistake of Fact

Following the court's July 2003 ruling, *Holland v. United States,* 57 Fed.Cl. 540 (2003) *("Holland I ")*, the parties filed a Joint Submission Describing Damages Claims ("Joint Submission"). *Holland II,* 59 Fed.Cl. at 737. Although filed jointly, no portion of the Joint Submission was stipulated to by the parties. Def. Mot. at 4. Rather, the parties drafted their own sections of the Joint Submission, which were then combined into a single document. *Id.* On December 2, 2003, defendant moved to dismiss the breach of contract claims of Messrs. Holland and Ross pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs filed an opposition to defendant's motion to dismiss on December 17, 2003. Defendant filed its reply brief on December 24, 2003. On December 31, 2003, the parties filed a Joint Stipulation of Facts. This case was thereafter transferred to the undersigned on January 15, 2004.

Upon reassignment of this case, the Court endeavored to familiarize itself with the voluminous record in contemplation of ruling on the motion to dismiss. At oral argument, the parties aptly identified and argued the key legal issues and illuminated many of the facts pertinent to the Government's motion. Despite the efforts of the Court and the parties, however, the Court was not attuned to the nuances of the SAFSB acquisition when it

---

1. Because the parties relied on, and the Court did not exclude, matters outside the pleadings, the Government's motion to dismiss was treated as a motion for summary judgment. *Holland v.*

*United States,* 59 Fed.Cl. 735, 738–39 (2004) (citing United States Court of Federal Claims Rule 12(b)(6)).

reached its decision on the Government's motion to dismiss.

When ruling that the claim of Messrs. Holland and Ross for the increased cost of borrowing money in connection with the SAFSB acquisition was analogous to the claim of Mr. Fail in *Bluebonnet Sav. Bank, F.S.B. v. United States,* 266 F.3d 1348 (Fed. Cir.2001), the Court was under the impression that Messrs. Holland and Ross personally borrowed money from American National Bank ("ANB") to acquire SAFSB. Based on that factual premise, the Court held that "[b]ecause the increased cost of borrowing money is an injury separate and distinct from the injury to River Valley, Holland and Ross have standing to directly pursue such damages in this action." *Holland II,* 59 Fed. Cl. at 741.

The Government's motion for reconsideration directs the Court to the sections of the Joint Stipulation, filed December 31, 2003, that address the details of the SAFSB acquisition. Def. Mot. at 5 (citing Joint Stipulation ¶¶ 349, 351, 354, 355, 356). Based on the Joint Stipulation, the facts regarding the SAFSB acquisition are as follows: Western Capital Holdings, Inc. ("WCHI") was incorporated on January 31, 1992 to purchase SAFSB. Messrs. Holland and Ross each owned 30 percent of WCHI; minority shareholders owned the other 40 percent. Joint Stipulation ¶ 349. In August 1992, ANB provided WCHI with a loan in the amount of approximately $10.25 million to finance the purchase of SAFSB. *Id.* at ¶¶ 351, 354. All of SAFSB's outstanding common stock was acquired by WCHI, and SAFSB became a wholly owned subsidiary of WCHI. *Id.* at ¶ 355.

Based on the further review of the record prompted by defendant's motion for reconsideration, the Court finds that it made a mistake of fact, which mistake was the factual basis for the finding that Messrs. Holland and Ross could maintain a direct action for damages consisting of increased borrowing costs allegedly incurred in connection with the acquisition of SAFSB. Accordingly, defendant has met its burden, and its motion for reconsideration is GRANTED. The Court must now address the legal ramifica-

tions of the determination that ANB provided WCHI, and not Messrs. Holland and Ross, with the $10.25 million loan, and, accordingly, it was WCHI that incurred any increased borrowing costs.

## III. Plaintiffs Holland and Ross Are Not Entitled As a Matter of Law To Recover Their Expectancy Damages Consisting of Increased Borrowing Costs Allegedly Incurred in Connection With the SAFSB Acquisition

Based on the facts reflected in the record and stated above regarding the financing of the SAFSB acquisition, the Court holds that for the reasons set forth in *Holland II,* 59 Fed.Cl. at 739–41, Messrs. Holland and Ross are not entitled to recover increased cost of borrowing money allegedly incurred in connection with WCHI's acquisition of SAFSB.

■ Ordinarily a cause of action arising from an injury to a corporation belongs solely to the corporation, even though the injury may have also caused the shareholders to have suffered a diminution in the value of their stock. *La Van v. United States,* 56 Fed.Cl. 580, 585 (2003) (citing 12B Fletcher Cyclopedia of the Law or Private Corp. § 5913 (perm.ed., rev.vol.2000)); *Hometown Financial, Inc. v. United States,* 56 Fed.Cl. 477, 486 (2003); *Statesman Sav. Holding Corp. v. United States,* 41 Fed.Cl. 1, 16 (1998). "A suit for damages arising from an injury to the corporation can only be brought by the corporation itself or by a shareholder derivatively if the corporation fails to act ... since only the corporation has an action for wrongs committed against it." *Gaff v. FDIC,* 814 F.2d 311, 315 (6th Cir.1987). "Any redress obtained by the corporations would run to the benefit of their stockholders, and to permit the latter to proceed with those claims would permit a double recovery." *La Van,* 56 Fed.Cl. at 585 (citing *W. Clay Jackson Enters., Inc. v. Greyhound Leasing & Fin. Corp.,* 463 F.Supp. 666, 671 (D.P.R. 1979)); *Hometown,* 56 Fed.Cl. at 486.

■ As discussed *supra* at 149, WCHI was the recipient of the loan from ANB. To the extent that there were increased costs

associated with that loan that would not have been incurred if River Valley had acquired SAFSB, those increased costs were incurred by WCHI, and not Messrs. Holland and Ross. Likewise, had River Valley purchased SAFSB, any benefit that accrued from favorable loan rates would have flowed to Messrs. Holland and Ross through River Valley, and not directly. Therefore, any increased borrowing costs associated with acquiring SAFSB constitute an injury to the corporation, and the claim for those damages belongs solely to the corporation. *La Van,* 56 Fed.Cl. at 585; *Hometown,* 56 Fed.Cl. at 486; *Statesman,* 41 Fed.Cl. at 16. Accordingly, Messrs. Holland and Ross are not legally entitled to pursue such claims in a direct action. *See Holland II,* 59 Fed.Cl. at 739–40; *see also Gaff v. FDIC,* 814 F.2d at 315.

Plaintiffs urge the Court to disregard the corporate entity in order to avoid a "manifest injustice." Pls. Resp. at 4–9. Plaintiffs assert that if Messrs. Holland and Ross are not permitted to pursue this claim, no one would be entitled to recover the increased borrowing costs that the breach allegedly caused, because WCHI was not a party to the underlying contracts and therefore, may itself be unable to pursue any claim arising out of the Government's breach. Pls. Resp. at 5. This is not the first time that plaintiffs have requested that the Court employ the technique of "reverse piercing." *Holland II,* 59 Fed.Cl. at 741. In *Holland II,* the Court refused to disregard the corporate form, because " '[a] corporation cannot be used indiscriminately as both a sword and a shield.' " *Id.* (quoting *Statesman,* 41 Fed.Cl. at 16). The Court is especially reluctant to disregard the WCHI corporate form because Messrs. Holland and Ross owned only 60% of WCHI's stock.

### CONCLUSION

For the reasons set forth above, defendant's motion for reconsideration, filed March 16, 2004 is GRANTED. Upon reconsideration, defendant's motion to dismiss, filed December 2, 2003 is GRANTED with respect to the claim of Messrs. Holland and Ross to recover damages consisting of in-creased borrowing costs allegedly incurred by WCHI in connection with the SAFSB acquisition.

IT IS SO ORDERED.